David McKELLAR, Plaintiff,

v.

CLARK EQUIPMENT COMPANY and
Bucyrus Erie Company, Defendants
and Third-Party Plaintiffs,

v.

LIME PRODUCTS CORPORATION,
Third-Party Defendant.

Civ. No. 82–0093P.

United States District Court,
D. Maine.

March 13, 1984.

Joseph M. Cloutier, Rockland, Me., for plaintiff.

Peter J. DeTroy, Thomas E. Getchell, Portland, Me., Malcolm L. Lyons, Augusta, Me., for defendants.

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR BIFURCATION OF TRIAL

GENE CARTER, District Judge.

Defendant filed a Motion for Separate Trials on January 27, 1984, seeking a separation of the issues of liability from the damage issues for purposes of trial. The parties have filed written memoranda of law on the motion, and the Court has heard oral argument of counsel. Defendant bases the motion on the grounds that such bifurcation of the issues would serve the interests of judicial economy by likely obviating the need for a trial of the damage issues and that likely prejudice would be avoided in the trial of the liability issues. The Plaintiff resists the motion as unnecessary to avoid prejudice and unlikely to result in any saving of trial time.

■ Under the provisions of Fed.R. Civ.P. 42(b), the Court may order a separate trial of any claims or of any separate issue or issues. The Rule provides:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, ... or of any separate issue ..., always preserving the right of trial by jury ....

*Id.; see Beauchamp v. Russell,* 547 F.Supp. 1191, 1199 (N.D.Ga.1982). The decision to grant or deny a motion for bifurcation of trial on issues of liability and damages is committed to the sound discretion of the Court. *Warner v. Rossignol,* 513 F.2d 678 (1st Cir.1975); *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir.1974); *Chicago Rock Island & Pacific Railroad Co. v. Williams,* 245 F.2d 397, 404 (8th Cir.1957) *cert. denied,* 355 U.S. 855, 78 S.Ct. 83, 2 L.Ed.2d 63 (1957). The decision "to bifurcate *vel non* is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Lis v. Robert Packer Hospital,* 579 F.2d 819, 824 (3d Cir.1978), *cert. denied,* 439 U.S. 955, 99 S.Ct. 354, 58 L.Ed.2d 346 (1979). In adjudicating the discretionary issue, the Court must consider several factors: whether a separation of the issues for trial will serve to expedite the disposition of the action and to conserve trial time and other judicial resources, whether such separation will be likely to avoid prejudice to any party at trial that may occur in the absence of separation of the issues, and whether the issues to be separated are essentially independent of each other for evidentiary purposes so that there will be no need to duplicate the presentation of significant areas of the evidence in the separated proceedings.

■ Having carefully considered the contentions made on the motion, the Court is persuaded that separation of the liability and damage issues for trial before the same jury will obviate likely prejudice to the Defendant on the determination of the liability issues, will conserve judicial resources, and will occasion no prejudice to the Plaintiff in the orderly and effective presentation of his case.

With respect to the likelihood of conservation of judicial time and resources, it is apparent to the Court that the serious dispute in this case is on the liability issues. The Plaintiff's injuries are very severe, the economic consequences of them are extensive and the damage of great magnitude in economic terms. Plaintiff is represented by counsel to be a quadriplegic and it appears to the Court that there is no significant dispute with respect to either the severity of the Plaintiff's injuries or the economic consequences of them. The central controversy in this case is, in the present view of the Court, focused upon three distinct liability issues: (1) whether there was causal fault on the part of either of the Defendants in the production of those injuries and their economic consequences; (2) the extent to which, if at all, the Plaintiff was also guilty of causative fault in the production of those injuries and consequences; and (3) if so, the ultimate legal effect of the level of such fault as that may be determined by the jury.

With the case in this posture, it is clear that however the liability aspects of the case are resolved, that is, either in favor of the Plaintiff or of one or more of the Defendants, the resolution of those issues is likely to obviate the need for the Court to conduct an extensive jury trial with respect to those damage issues. In the event that the issues should be resolved in favor of both Defendants, there would be no basis upon which to proceed with an adjudication of the damages. To the extent that those liability issues should be resolved in favor of the Plaintiff as against either Defendant, the central, disputed issues of the case would have been disposed of and, it appears to the Court to be likely that such a result would greatly facilitate the ultimate resolution of the case at that point in time by voluntary settlement of the parties. As to this, there seems to be no serious dispute between counsel. Such a result would also obviate the need for a jury trial on the damage issues.

The Court is also persuaded that evidence concerning the severity of the Plaintiff's injuries, the lengthy treatment which the Plaintiff received from numerous physicians, and the physical and economic impact of those injuries holds a definite potential to adversely and improperly affect a jury's fair, impartial and objective consideration of the liability issues. Separation of the liability and damage issues for purposes of trial is, in the judgment of the Court, the best means by which to obviate the likelihood of such unfair prejudice to either of the Defendants in this case. The Court is also fully satisfied that such separation of these issues for trial on the basis that the same jury will hear all the evidence in the case and render its ultimate verdict on the basis of all of the testimony, will occasion no prejudice to the Plaintiff in the orderly and proper presentation of its evidence.

The only aspect of the segregation of these issues for trial that has caused the Court concern involves the application of the Maine Law of Comparative Negligence, 14 M.R.S.A. § 156 (1980), which is applicable in this diversity action. After careful review of the Maine authorities, the Court is satisfied that segregation of the issues can be accomplished on a basis that will occasion no frustration of the proper application of Maine law. *See Wing v. Morse*, 300 A.2d 491, 498 (Me.1973), and *Jackson v. Frederick's Motor Inn*, 418 A.2d 168, 174 (Me.1980). Maine law contemplates that the determination as to whether or not any comparative fault of a plaintiff is equal to or greater than that of a defendant is to be reached on the basis of concepts of *legal* fault. If it is not equal to or greater than that of the defendant, the resultant reduction in recoverable damages is to be based upon an *equitable* judgment as to the significance of the plaintiff's level of fault, taken in the context of the fault of the defendant. The Court is satisfied, therefore, that these issues can be treated as free-standing issues which, if tried to the same jury, may be resolved in strict accordance with the requirements of the substantive law of the State of Maine on comparative negligence.

Accordingly and for the foregoing reasons, it is

ORDERED:

(1) That a separate trial shall first be had herein on the liability issues in this matter consisting of:

(a) whether each Defendant was guilty of culpable conduct resulting in legal liability for fault;

(b) whether Plaintiff was guilty of negligence which caused or contributed to causing the Plaintiff's injuries;

(c) if Plaintiff is guilty of comparative fault, whether such legal fault is equal to or greater than that of the Defendant or Defendants, as the Court may instruct the jury as to the basis for making such comparison.

(2) If the jury's resolution of the liability issues requires an adjudication of any damage issues, those issues shall be promptly tried to the same jury that heard the evidence on the liability issues and shall include, generally, the issues of:

(a) the extent of injuries sustained by the Plaintiff;

(b) the pecuniary quantification of the Plaintiff's damages, and

(c) any equitable reduction of the Plaintiff's recoverable damages to be achieved in accordance with an appropriate application of the principles of 14 M.R.S.A. § 156.

(3) This Order shall govern the proceedings at trial of this matter.

SO ORDERED.