**Bruce THORNDIKE and Letitia N. Jordan, as next friends of Christopher THORNDIKE, a minor, Plaintiffs,**

v.

**DAIMLERCHRYSLER CORPORATION, et al., Defendants.**

**No. CIV. 00–198–B–W.**

United States District Court,
D. Maine.

Feb. 17, 2004.

See also 288 F.Supp.2d 50.

Dort S. Bigg, Wiggin & Nourie, Manchester, NH, Stephen B. Wade, Skelton, Taintor & Abbott, Auburn, ME, for Plaintiffs.

Peter M. Durney, Cornell & Gollub, Boston, MA, Thomas A. Norton, Miller, Canfield, Paddock & Stone, PLC, Troy, MI, David W. McGough, Cornell & Gollub, Boston, MA, for Defendants.

### ORDER DENYING DEFENDANT AND THIRD–PARTY DEFENDANT'S MOTIONS TO BIFURCATE

WOODCOCK, District Judge.

### I. Motions to Bifurcate

The Defendant and the Third–Party Defendant in this matter have made separate motions to bifurcate trial to separate evidence on liability from evidence on damages. (Docket # 188, 189). The Plaintiff opposes the motions, arguing that bifurcation is inappropriate because (1) the Plaintiff's injuries and their alleged cause are inextricably related; (2) bifurcated trials would require increased travel and inconvenience for a number of witnesses; and (3) the actual harm suffered by the Plaintiff is relevant to Maine's risk/utility test for liability. (Docket # 190). For the reasons set forth below, the Defendant's Motion to Bifurcate is DENIED and the Third-party Defendant's Motion to Bifurcate is DENIED.

### II. Discussion

Federal Rule of Civil Procedure 42(b) provides, in part:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue. . . .

The decision to bifurcate is a matter "peculiarly within the discretion of the trial court." *Gonzalez–Marin v. Equitable Life Assurance Society of U.S.,* 845 F.2d 1140, 1145 (1st Cir.1988); *Warner v. Rossignol,* 513 F.2d 678, 684 (1st. Cir.1975). The issue is guided by consideration of several factors: (1) whether a separation of the issues for trial will expedite disposition of the action; (2)

whether such separation will conserve trial time and other judicial resources; (3) whether such separation will be likely to avoid prejudice to any party at trial that may occur in the absence of separation; and (4) whether the issues are essentially independent of each other so that there will be no need to duplicate the presentation of significant areas of the evidence in the separated proceedings. *McKellar v. Clark Equip. Co.*, 101 F.R.D. 93, 94 (D.Me.1984); *see* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2388 (2d ed. 2003) ("*Wright & Miller*") ("The district judge must weigh whether one trial or separate trials best will serve the convenience of the parties and the court, avoid prejudice and minimize expense and delay. The major consideration, of course, must be which procedure is more likely to result in a just and expeditious final disposition of the litigation"). The parties requesting bifurcation have the burden of showing it is warranted. *Estate of Chapman v. Bernard's Inc.*, 167 F.Supp.2d 406, 417 (D.Mass. 2001) (citing *Maldonado Cordero v. AT & T*, 190 F.R.D. 26, 29 (D.P.R.1999)). Professors Wright and Miller remind us that "[t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course." [1]  9 *Wright & Miller* § 2388.

■ Here, the Plaintiff asserts his theories of liability and damages are substantially inter-related and there will necessarily be an overlap between the evidence, including expert testimony, presented on each theory. The Plaintiff further asserts that, if bifurcated, there is a likelihood the same expert witnesses would be required to make two separate appearances at trial and travel distances to do so. Finally, Plaintiff's counsel assures the Court that the damages portion of the trial will proceed expeditiously and will not unduly delay the submission of the case to the jury.

The Court is not unsympathetic to the concerns the movants raise in their motions; nevertheless, on balance, the Court denies the motions to bifurcate on the ground that

whatever efficiencies may be gained by bifurcation are offset by potential confusion of the issues, repetition of testimony, and increased expense and inefficiency from doing so.

## III. Conclusion

Accordingly, for the reasons set forth above, the Defendant's Motion to Bifurcate is DENIED and the Third–Party Defendant's Motion to Bifurcate is DENIED.

SO ORDERED.

---

1. Although Plaintiff cites *Franchi Constr. Co. v. Combined Ins. Co.*, 580 F.2d 1 (1st Cir.1978), to support his position, this Court does not view *Franchi* as dispositive, since the Court was addressing a bifurcation in which different juries considered the issues of liability and damages, a proposal neither movant has made in this case.