BERANEK, Judge.
This is an interlocutory appeal from a partial summary judgment and a mandatory injunction entered against plaintiff/appellant. The controversy is a suit between plaintiff, a plumbing contractor, and defendants, the owners and developers of residential property.
Plaintiff filed a six-count complaint seeking recovery for certain services and supplies rendered to the subject property. Without regard to the substance of the allegations, Count I was entitled, “Material-man’s Lien” and has been considered by both parties as a count for a mechanic’s lien pursuant to Chapter 713, Florida Statutes. Count II is entitled, “Equitable Lien” and seeks to impose such a lien on the subject property. Counts III, IV, V, and VI all seek monetary recovery based on the same transaction on different theories.
The trial court granted a partial summary judgment for defendant on Counts I and II finding that a particular no-lien provision of the contract between the parties barred the lien claims. In the same order which granted the partial summary judgment, the trial court issued a mandatory injunction requiring plaintiff to remove within five days the claims of lien previously filed.
We conclude that we lack jurisdiction and dismiss the appeal. The order in question is not final so as to support a plenary appeal. The partial summary judgment does not determine any separate and distinct controversy between the parties and the matter remains pending below. See Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla.1974), and Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975). Furthermore, the only arguable basis for interlocutory review is pursuant to Rule of Appellate Procedure 9.130(a)(3)(B) governing interlocutory appeals from orders granting injunctions. Here the injunction requiring removal of the claims of lien was unnecessary in view of Section 713.21(5), Florida Statutes (1977). Appellee need only have recorded a copy of the trial court’s decree and the lien would be discharged by operation of the statute. Furthermore, this injunction was rendered moot and ineffective by a later order entered on June 28, 1978, which discharged the claims of lien. Thus the trial court in fact discharged the claims of lien pursuant to the mechanic’s lien law and the injunction was never operative or enforced. The later order discharging the claims of lien has not been appealed and is not argued in appellant’s brief.
We conclude that the injunctive aspects of the non-final order were never operative and were insufficient to support interlocutory review. The appeal is thus dismissed.
APPEAL DISMISSED.
DOWNEY, C. J., and LETTS, J., concur.