656 So.2d 954 (1995)
AGRITURF MANAGEMENT, INC., Appellant,
v.
Jane ROE, individually, and as Trustee for R.R., and as parent and guardian of Jane Doe Minor, a minor child, Appellee.
No. 94-03661.
District Court of Appeal of Florida, Second District.
Opinion filed June 23, 1995.
Wayne Tosko of Neilson and Associates, Orlando, for appellant.
Victor C. Krumm of Law Office of Victor C. Krumm, P.A., Sarasota, for appellee.
FRANK, Chief Judge.
Agriturf Management, Inc., is a familystructured corporation engaged in the landscaping business. Its president, Raymond T., has a granddaughter, Jane Doe Minor, whose parents, Jane Roe (J.R.) and R.R., rented a house from Raymond that is adjacent to property used by Agriturf to store its trailer and equipment and to prepare fertilizers and chemicals to be used in each succeeding day's work. Jane Doe Minor often accompanied Raymond at the end of the work day when he returned equipment to the area behind the house. In the spring and summer of 1992, when the child was six years old, Raymond sexually fondled Jane Doe Minor on several occasions at the trailer where Agriturf's equipment and material were *955 stored. On one occasion, during the child's visit to her grandfather's house, Jane Doe Minor's grandmother witnessed Raymond fondling Jane Doe Minor. The grandmother called the police; Raymond was arrested and ultimately sentenced to four years in prison.
R.R. and J.R. sued Agriturf on Jane Doe Minor's behalf, alleging that Agriturf was negligent and that as a direct result of its negligence, their daughter was injured. The complaint further alleged that Raymond, in the course and scope of his employment, tortiously engaged in illicit sexual relations with Jane Doe Minor in a trailer used to transport Agriturf's equipment. The parties reached a settlement that involved a "highlow" agreement. Pursuant to the terms of that agreement, if Agriturf were determined liable by the court for the acts of Raymond, Agriturf would pay R.R., J.R., and Jane Doe Minor an agreed upon amount. If the court's final determination were of no liability, Agriturf would pay a lesser amount. The parties stipulated that the issue of Agriturf's liability was a question of law for the court, and they agreed that live testimony would not be required. The trial court concluded that Raymond's conduct was within the course and scope of his employment with Agriturf and that Agriturf was liable for Raymond's unlawful acts. We disagree.
The trial court grounded its analysis upon its findings that Agriturf provided the means and the place for Raymond to molest his granddaughter because the abuse occurred in the Agriturf trailer. Furthermore, because Jane Doe Minor would help Raymond put away tools and clean the equipment, the court concluded that Raymond was acting within the apparent scope of his authority and serving the interests of Agriturf.
We reject the trial court's analysis. It is true that the abusive touching occurred on Agriturf property during the time when Raymond was cleaning up and closing out the day's business. It is also true that Jane Doe Minor would help her grandfather but obviously in a manner limited by the capabilities of such a young child. However, even though the acts of cleaning and putting away equipment occurred within the course and scope of Raymond's employment with Agriturf, the sexual abuse did not. As a matter of law, the fondling of the six-year old child by her grandfather did not occur in furtherance of the business objectives of the adult's employer. See Kane Furniture Corp. v. Miranda, 506 So.2d 1061 (Fla. 2d DCA 1987); Nazareth v. Herndon Ambulance Service, Inc., 467 So.2d 1076 (Fla. 5th DCA 1985). As was noted in Nazareth, "[g]enerally, sexual assaults and batteries by employees are held to be outside the scope of an employee's employment and, therefore, insufficient to impose vicarious liability on the employer." 467 So.2d at 1078. An exception may occur if the tortfeasor was assisted in accomplishing the molestation by virtue of the employer/employee relation. Id. In this case, however, if any relationship furthered Raymond's deviant purpose, it was that of grandfather/granddaughter. Unlike the case of Hennagan v. Dep't of Highway Safety and Motor Vehicles, 467 So.2d 748 (Fla. 1st DCA 1985), in which a police officer allegedly used the authority of his office to lure a young girl into his car and ultimately to molest her, Raymond's misconduct did not have as its source or its purpose any intent to serve Agriturf.
Agriturf has also contended here that the evidence was insufficient to show that the corporate entity, Agriturf Management, Inc., knew or should have known of the sexual molestation of Jane Doe Minor. Absent such knowledge, Agriturf should not be held liable for the acts of its employee. The trial court did not comment upon this issue in its final order. Nevertheless, we agree with Agriturf that Raymond's knowledge of his own illegal acts cannot be imputed to the corporation because they were committed outside the scope of his employment. If the corporation were deemed to have notice of the illicit conduct of its officer and employee  conduct that furthered only the prurient interest of the actor and had no relation to the company's business  Agriturf would in effect become the insurer of the independent, illegal actions of its employees. See Dickson v. Graham-Jones Paper Co., 84 So.2d 309 (Fla. 1955). Such a result is neither intended nor desirable under the principles of agency law.
*956 Accordingly, the final order determining Agriturf liable for the illegal acts of its employee is reversed, and this cause is remanded for further proceedings consistent with this opinion.
BLUE and FULMER, JJ., concur.