Ruth AYERS, Plaintiff,

v.

WAL–MART STORES, INC., Defendant.

No. 95–121–CIV–ORL–22.

United States District Court,
M.D. Florida,
Orlando Division.

July 29, 1996.

Mary Claire O'Rourke, Paul S. Rothstein & Associates, Gainesville, Florida, and Carol Swanson, Law Office of Carol Swanson, Orlando, Florida, for Plaintiff.

Peter W. Zinober and Charles A. Powell, IV, Zinober & McCrea, P.A., Tampa, Florida, for Defendant.

### ORDER

CONWAY, District Judge.

This cause comes before the Court on Wal–Mart's Motion for Separation of Issues at Trial (Doc. 97); Motion for Partial Summary Judgment (Doc. 120); and Ayers' Motion to Strike Defendants' Memoranda in Support of Their Objections to Plaintiff's Trial Exhibits (Doc. 140).

Plaintiff, Ruth Ayers, has been employed by Wal–Mart since August 1988. Ms. Ayers alleges that Mr. Uzochukwu, an Assistant Manager, made unwelcome and offensive sexual advances to her from January through August 1994, while she was employed at Wal–Mart's New Smyrna Beach store. Ayers is suing Wal–Mart for sexual harassment under Title VII and under its state law counterpart, Fla.Stat.Ann., Chapter 760 *et seq.* Ayers also asserts pendent state law claims of intentional infliction of emotional distress; *respondeat superior* liability for intentional torts of Wal–Mart's employees; and for negligent retention against the company.

### I. Wal–Mart's Motion for Separation of Issues at Trial

■ Wal–Mart seeks bifurcation of the liability and damages portions of the trial, arguing that it will be unduly prejudiced if the liability and damages issues are tried together. Ayers argues that bifurcation is appropriate only where the liability portion of the case is weak and the court fears that the jury may be unduly influenced by the plaintiff's extensive damages.

Federal Rule of Civil Procedure 42(b) governs the separation of issues for trial:

> (b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim or of any separate issue or any number of claims....

Fed.R.Civ.P. 42(b). "Rule 42(b) should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2388, at 474 (1995) (citing *Response of Carolina, Inc. v. Leasco Response, Inc.,* 537 F.2d 1307, 1324 (5th Cir.1976)). Ayers appropriately points out that a number of the holdings of the cases on which Wal–Mart relies [1] turn on the weakness of the liability portion of the plaintiff's case. For example, in *Miller v. N.J. Transit Authority Rail Operations,* 160 F.R.D. 37 (D.N.J.1995), the court ordered bifurcation where all that was left of plaintiff's body was his head, torso, and one limb when he electrocuted himself after a drinking party with his fraternity brothers on defendant's electric train. *Id.* As such, the court found the issue of defendant's liability to be weak and that the plaintiff's grossly disfigured body could prejudice the jury's ability to assess the liability issue fairly. As Ayers has pointed out, most of the cases on which Wal–Mart relies are distinguishable from the instant case for a variety of reasons: pre-1991 Civil Rights Act cases; § 1983 actions against public employers where *respondeat superior* may not apply; intellectual property cases; and multi-district or class action litigation.

The Court does not find that in this case, the damages to Ayers will overwhelm the jury's ability to determine Wal–Mart's liabili-

---

1. *Beauchamp v. Russell,* 547 F.Supp. 1191 (N.D.Ga.1982); *Beeck v. Aquaslide "N" Dive Corp.,* 562 F.2d 537 (8th Cir.1977); *McKellar v.* *Clark Equipment Co.,* 101 F.R.D. 93 (D.Me.1984); *Baker v. Waterman S.S. Corp.,* 11 F.R.D. 440 (S.D.N.Y.1951).

ty, nor is the liability issue clearly so tenuous that it is likely the parties will not reach the issue of damages. Wal–Mart's Motion for Separation of Issues is denied.

## II. Wal–Mart's Motion for Partial Summary Judgment (Doc. 120)

Wal–Mart moves for partial summary judgment on several issues: 1) violation of FCRA, § 760 *et seq.;* 2) intentional infliction of emotional distress; 3) *respondeat superior* liability for intentional torts of employee; 4) negligent retention; and 5) claim for punitive damages.

Summary judgment is warranted where it appears from the pleadings, depositions, admissions, and affidavits that there is no "genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The Court considers the evidence and all inferences drawn therefrom in the light most favorable to the non-moving party. *Hairston v. Gainesville Sun Publishing Co.,* 9 F.3d 913, 918 (11th Cir.1993).

### 1. Florida Civil Rights Act (Count II)

Wal–Mart moves for summary judgment on the FCRA claim, arguing that Ayers failed to meet the administrative requirements of the statute before filing suit. In opposing summary judgment, Ayers contends that the FCRA's filing requirements are not jurisdictional prerequisites, but are "conditions precedent," which are subject to equitable modification.

Two sections of the Florida Civil Rights Act provide the basis for a plaintiff to pursue a claim in court. Section 760.11(4) provides that, where the commission determines that there is reasonable cause to believe that discrimination has occurred, the aggrieved person may "bring a civil action . . . in a court of competent jurisdiction" or "request an administrative hearing." Fla.Stat.Ann. § 760.11(4). If the commission fails to "determine whether there is reasonable cause on any complaint" within 180 days of the filing of the complaint, the complainant may proceed as if the commission had determined there was reasonable cause. Fla.Stat.Ann. § 760.11(8).

■ In other words, if there is a cause determination, the plaintiff may bring a civil action or request an administrative hearing and if the commission finds that there is no reasonable cause, it must dismiss the complaint and the complainant has thirty-five days to request an administrative hearing to determine whether a violation occurred. In the instant case, Ayers did not receive a cause determination, nor seek an administrative hearing. At issue is whether Ayers properly proceeded under § 760.11(8), which allows her to file suit after 180 days if the commission has not yet made a determination whether reasonable cause exists. Ayers does not dispute that she waited only 117 days to file suit, rather than the 180 days required under the statute.

Wal–Mart argues that the failure to wait the entire 180 before filing bars Ayers' claim under the FCRA. Ayers argues that, by amending her Complaint (on September 18, 1995) after the 180 day period elapsed (on April 13, 1995), Wal–Mart's arguments are invalid.

There is no Florida state court or federal case interpreting § 760.11(4) that is directly on point. Ayers asks the Court to follow the Eleventh Circuit decision regarding the timeliness of an EEOC charge in *Cross v. Alabama,* 49 F.3d 1490 (11th Cir.1995), which held that plaintiff's amendment to her complaint, one week after she received a right to sue letter, cured this defect in the complaint. *Id.* However, *Cross* is distinguishable from the instant case because the procedural requirements of the FCRA are very different from those of Title VII. Although both Title VII[2] and the FCRA[3] provide for dismissal of the complaint if the respective commissions determine there is "not reasonable cause to believe" that the charge is true or

---

**2.** 42 U.S.C. § 2000e–5(b).

**3.** Fla.Stat. § 760.11(7).

that a violation has occurred, the statutes differ significantly in the plaintiff's recourse after dismissal.

Under the FCRA, the complainant's only recourse once her complaint is dismissed is to request an administrative hearing. § 760.11(7) (within 35 days). If the complainant does not request an administrative hearing within that time, the claim will be barred under the FCRA. *Id.* In contrast, if the EEOC dismisses the charge, the complainant is not required to pursue an administrative hearing and may file suit within ninety days of notice of the dismissal. 42 U.S.C. § 2000e–5.[4] The very different result under the two statutes is that, under Title VII, the complainant may file suit regardless of whether his or her complaint is dismissed or is unresolved after 180 days;[5] under FCRA, the complainant may *only* file suit if the complaint is unresolved after 180 days, and not if the complaint is dismissed.[6] As Judge Adams of the Middle District of Florida has already determined in the case of *Mulkey v. Equifax Card Services, Inc.,* Case No. 94–1080–Civ–T–25E (M.D.Fla. Jan. 9, 1996),[7] a complainant's failure to pursue administrative remedies after a "no reasonable cause" dismissal bars any court action for relief.

In this case, Ayers prematurely filed her FCRA claim only 117 days after filing her complaint with the Commission, and well before the 180 day period had elapsed. To allow Ayers to proceed on the FCRA claim, without having waited the required 180 period, would permit her to successfully circumvent the possibility of a dismissal and being locked into the sole remedy of an administrative hearing. By Ayers' own request, the investigation of her complaint was terminated prior to the expiration of the 180 day period.[8] The Court will not allow Ayers, by halting her investigation and filing suit before 180 days expired, to circumvent the carefully-crafted procedural requirements set forth under the FCRA. Wal–Mart's Motion for Summary Judgment as to Count II is GRANTED.

**2. Intentional Infliction of Emotional Distress (Count III)**

■ Ayers argues that Wal–Mart is liable for intentional infliction of emotional distress because it failed to stop Uzochukwu's allegedly harassing conduct. Wal–Mart seeks summary judgment on the claim, arguing that the conduct Ayers alleges occurred does not rise to the level of "outrageous."

■ To establish a claim for intentional infliction of emotional distress, a plaintiff must show deliberate or reckless infliction of mental suffering by defendant's outrageous conduct, which must have caused her severe suffering. *Golden v. Complete Holdings, Inc.,* 818 F.Supp. 1495, 1499 (M.D.Fla.1993) (citing *Metropolitan Life Ins. Inc. v. McCarson,* 467 So.2d 277, 278 (Fla.1985)).[9] Defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *McCarson,* 467 So.2d at 278–79. Under Florida law, whether the actor's conduct is atrocious and utterly intolerable in a civilized community, and thus may form the basis of a claim for intentional infliction of emotional distress, is a matter of law for the court, not a question of fact. *Dependable Life Ins. Co. v. Harris,* 510 So.2d 985, 988 (Fla. 5th DCA 1987);

4. The pertinent portion reads, "If a charge ... is dismissed by the Commission ... within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5.

5. 42 U.S.C. § 2000e–5(f)(1).

6. Fla.Stat. § 760.11(8). Once the complainant pursues an administrative hearing, he or she may only file suit if 1) the hearing officer finds a violation of the FCRA and 2) the commission adopts the hearing officer's recommendation.

7. A copy of the relevant portion of the trial transcript that covers Judge Adams ruling on the issue is attached as Ex. D to Doc. 121.

8. This fact is undisputed. *See* "Demand for Right to Sue Letter" by Plaintiff's counsel dated October 7, 1994. Doc. 121, Ex. C.

9. Both parties cite *Metropolitan Life Ins. Inc. v. McCarson,* 467 So.2d 277, 278 (Fla.1985) as the seminal case establishing the elements of the tort of intentional infliction of emotional distress or outrage.

*Ponton v. Scarfone,* 468 So.2d 1009, 1011 (Fla. 4th DCA 1985).

Courts in the Eleventh Circuit have consistently dismissed claims for intentional infliction of emotional distress in discrimination cases. *See, e.g., Vance v. Southern Bell Tel. & Tel. Co.,* 983 F.2d 1573 (11th Cir.1993), *cert. denied,* — U.S. ——, 115 S.Ct. 1110, 130 L.Ed.2d 1075 (1995) (affirming the district court's judgment as a matter of law that plaintiff failed to state a claim for intentional infliction of emotional distress, even where the employer's racially-discriminatory misconduct included placement of hangman's nooses at the plaintiff's workstation); *Hammer v. Slater,* 20 F.3d 1137, 1144 (11th Cir. 1994) (affirming summary judgment on claim where employer's threat of filing lawsuit against employee not extreme or outrageous); *Golden v. Complete Holdings, Inc.,* 818 F.Supp. 1495, 1499 (M.D.Fla.1993) ("Florida courts have consistently rejected claims for intentional infliction of emotional distress relating to sexual harassment"); *Miranda v. B & B Cash Grocery Stores, Inc.,* 1990 WL 107559 (M.D.Fla.1990), *rev'd in part on other grounds,* 975 F.2d 1518 (11th Cir.1992) (plaintiff's allegations of failure to remedy complaints of sex discrimination in rates of pay as a matter of law do not constitute conduct which is sufficiently outrageous).

Ayers contends that Wal–Mart negligently trained and supervised its managerial employees, and retained the alleged harasser Uzochukwu, despite his alleged unwelcome advances upon Ayers and Ayers' complaints to Wal–Mart. The Court finds as a matter of law that Ayers has failed to sufficiently allege that Wal–Mart's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community" in order to withstand summary judgment. Wal–Mart's Motion for Summary Judgment as to Count III is granted.

**3. Respondeat superior liability for intentional torts of employee (Count IV)**

■ Ayers alleges in her Amended Complaint that Wal–Mart is liable for the intentional torts of Uzochukwu (battery, assault, intentional infliction of emotional distress and false imprisonment) under the doctrine of *respondeat superior.* Wal–Mart moves for summary judgment on the issue, arguing that Uzochukwu's allegedly tortious conduct was not motivated by a desire to further Wal–Mart's commercial interests.

■ Under Florida law, for purposes of establishing *respondeat superior* liability, an employee's conduct must have been within the scope of his employment; the conduct must: 1) have been the kind he was employed to perform; 2) have occurred within time and space limits of his employment; and 3) must have been activated at least in part by a desire to serve the master. *Sussman v. Florida East Coast Properties, Inc.,* 557 So.2d 74, 75–76 (Fla. 3d DCA), *rev. denied,* 574 So.2d 143 (Fla.1990). The Eleventh Circuit has decided the issue of whether an employee was acting within the course and scope of his employment for purposes of *respondeat superior* as a matter of law. *See, e.g., Gibbs v. Air Canada,* 810 F.2d 1529, 1533 (11th Cir.1987). So have Florida District Courts of Appeal. *See, e.g., Liberty Mut. Ins. Co. v. Electronic Sys.,* 813 F.Supp. 802, 805 (S.D.Fla.1993); *Perez v. Zazo,* 498 So.2d 463, 464 (Fla. 3d DCA 1986); *Reina v. Metropolitan Dade County,* 285 So.2d 648 (Fla. 3d DCA 1973).

Ayers argues that there exists a factual issue as whether Uzochukwu was acting within the scope of his employment when he made alleged unwelcome advances to her. Ayers mistakenly argues the issue of corporate liability under the Title VII doctrines of quid pro quo and hostile environment sexual harassment, by citing *Faragher v. City of Boca Raton* 76 F.3d 1155 (11th Cir.1996).[10] Count IV, on which Wal–Mart moves for summary judgment, concerns the intentional torts of Uzochukwu ("[t]his count arises under the common law of the State of Florida") and should not be evaluated under Title VII doctrines of corporate liability, as discussed in *Faragher.*

**10.** Ayers relies heavily on the reasoning in *Faragher v. City of Boca Raton,* 76 F.3d 1155 (11th Cir.1996) which was vacated on May 13, 1996, shortly after Ayers filed her memorandum of law.

■ "To recover under a theory of vicarious liability such as actual or apparent agency, it must be shown that the agent or apparent agent's conduct was motivated, at least in part, by the purpose of serving the employer. It is entirely clear that responsibility for the intentional wrongful acts of a servant-employee may be visited upon his master-employer under the doctrine of *respondeat superior* only when that conduct in some way furthers the interests of the master or is at least motivated by a purpose to serve those interests, rather than the employee's own." *Tallahassee Furniture v. Harrison*, 583 So.2d 744, 758 (Fla. 1st DCA 1991), *rev. denied*, 595 So.2d 558 (Fla.1992) (citing *Perez v. Zazo*, 498 So.2d 463, 465 (Fla. 3d DCA 1986) and *Schwartz v. Zippy Mart, Inc.*, 470 So.2d 720 (Fla. 1st DCA 1985), *overruled on other grounds, Byrd v. Richardson–Greenshields Securities*, 552 So.2d 1099 (Fla.1989); *Nazareth v. Herndon Ambulance Service, Inc.*, 467 So.2d 1076 (Fla. 5th DCA), *rev. denied*, 478 So.2d 53 (Fla. 1985)).

■ "An act of a servant is not within the scope of employment if it is done without the intention to perform it as a part of or incident to a service on account of which he is employed." *Tallahassee Furniture*, 583 So.2d at 758 (Restatement (Second) of Agency § 235 (1958)). When "an assault is purely personal to the servant, having no real connection with the master's business, the doctrine of respondeat superior is inapplicable to fasten liability upon the master." *Id.*

Wal–Mart relies on two Florida District Court of Appeal decisions that held that the type of sexual batteries and assaults that Ayers alleges are beyond the course and scope of employment and the employer will not be held liable for such actions. *See Nazareth v. Herndon Ambulance Service*, 467 So.2d 1076, 1078 (Fla. 5th DCA), *rev. denied*, 478 So.2d 53 (Fla.1985) (sexual assaults and batteries by employees are held to be outside the scope of employment with few exceptions such as for common carriers); *Agriturf Management, Inc. v. Roe*, 656 So.2d 954, 955 (Fla. 2d DCA 1995) (as a matter of law, the fondling of the six-year old child by

adult did not occur in furtherance of the business objectives of the adult's employer).

In this case, to survive summary judgment, Ayers must show that a factual issue exists as to whether Uzochukwu's tortious actions "in some way furthered the interests" of Wal–Mart or were "at least motivated by a purpose to serve" Wal–Mart's interests, rather than Uzochukwu's personal interests. *See Tallahassee Furniture*, 583 So.2d at 758. Ayers does not dispute that Wal–Mart's purpose is to sell retail goods to the public. Ayers alleges that Uzochukwu touched her, hugged her, and made sexual comments, without her consent. However, Ayers does not sufficiently allege that Uzochukwu's actions were in furtherance of Wal–Mart's interest in selling retail goods. Rather, Ayers concentrates on the notice of Uzochukwu's actions given to Wal–Mart and Wal–Mart's response. While that line of reasoning is very relevant to a corporation's liability for sexual harassment under Title VII, notice to Wal–Mart does not affect the analysis of *respondeat superior* liability for the state common law tort claims. Wal–Mart's Motion for Summary Judgment as to Count IV is granted.

**4. Claim for punitive damages under Title VII (Count I)**

■ Ayers seeks punitive damages under Title VII for the hostile environment she was subjected to at Wal–Mart's New Smyrna Beach location. Wal–Mart seeks summary judgment on the punitive damages issue, arguing that Wal–Mart's senior managers did not act with malice or in reckless disregard of Ayers' rights.

■ Punitive damages may only be awarded under Title VII when a "complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1) (1991). The issue of the sufficiency of evidence for punitive damages may be resolved at the summary judgment stage. *Hogue v. MQS Inspection, Inc.*, 875 F.Supp. 714, 725 (D.Colo.1995) (sufficiency of evidence to justify award of punitive damages is question of law for court).

In this case, Ayers alleges that Wal–Mart virtually ignored her complaints about Uzochukwu's harassment for six months. She does admit that the District Manager, Richard Jones, stopped by the New Smyrna Beach store in March of 1994 and discussed her complaints with the alleged harasser. Ayers also acknowledges that a Wal–Mart manager spoke to the alleged harasser again in August 1994, shortly before Uzochukwu left Wal–Mart. By Ayers own admissions, Wal–Mart did react to her complaints of harassment, even if belatedly, and, thus, the Court finds Ayers' evidence of "malicious intent" or "reckless disregard" is insufficient to sustain an award of punitive damages. *Compare Hogue,* 875 F.Supp. at 725 (statement that "we can't have this shit" insufficient to sustain award of punitive damages for discrimination in violation of federal civil rights, plaintiff must prove that discrimination was malicious, willful, and in gross disregard of plaintiff's rights); *Braverman v. Penobscot Shoe Co.,* 859 F.Supp. 596, 603 (D.Me.1994) (plaintiff did not generate sufficient evidence to create a question of material fact over whether defendants intentionally discriminated against him with either malice or reckless indifference to his rights); *Canada v. Boyd Group, Inc.,* 809 F.Supp. 771, 781 (D.Nev.1992) (punitive damages claim dismissed because plaintiff failed to show that defendants "acted maliciously, with an intent to harm, or recklessly, with serious disregard for the consequences of their actions"). Wal–Mart's Motion for Summary Judgment as to the punitive damages claim in Count I is granted.

**5. Negligent retention (Count IX)**

The Court will issue a separate order regarding Wal–Mart's Motion for Summary Judgment as Ayers' claim for negligent retention and punitive damages.

**III. Ayers' Motion to Strike Defendants' Memoranda (Doc. 140)**

Ayers moves to strike certain Memoranda filed by Defendants in support of their objections to exhibits Ayers intends to offer at trial. Wal–Mart contends that, at the meeting to prepare the pretrial stipulation, counsel for Ayers did not have the exhibits present, nor did she provide copies of the exhibits

and therefore Ayers should not be allowed to introduce her exhibits at trial. The issue is mooted by the Court's Order dated June 24, 1996 which required counsel for all parties to meet to exchange exhibits and to refile a fully completed exhibit list and objections. Doc. 119.

Based on the foregoing, it is ordered as follows:

1. Wal–Mart's Motion for Separation of Issues at Trial (Doc. 97) is DENIED.

2. Wal–Mart's Motion for Partial Summary Judgment (Doc. 120) is GRANTED as to Count II, Count III, Count IV and as to the claim for punitive damages in Count I.

3. Ayers' Motion to Strike Defendants' Memoranda in Support of Their Objections to Plaintiff's Trial Exhibits (Doc. 140) is DENIED as moot.