James **ROBINSON** and Joyce Robinson, individually and on behalf of all persons similarly situated, Plaintiffs,

v.

**POWER PIZZA, INC,** d/b/a Domino's Pizza, Defendant.

No. 97–1390–Civ–J–20B.

United States District Court,
M.D. Florida,
Jacksonville Division.

Feb. 11, 1998.

William J. Sheppard, D. Gray Thomas, Sheppard & White, P.A., Jacksonville, FL, for Plaintiffs.

Milo Scott Thomas, Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, FL, for Defendant.

### ORDER

SCHLESINGER, District Judge.

Before the Court is Defendant's Motion to Dismiss (Doc. No. 8, filed January 27, 1998). Plaintiffs filed their response on January 29, 1998. *See* Doc. No. 10. In their Verified Complaint, Plaintiffs seek declaratory and injunctive relief against Defendant under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq. See* Verified Complaint (Doc. No. 1, filed November 25, 1997). Plaintiffs allege that the Defendant has discriminated against them by failing to deliver food ready for consumption to their homes and the homes of all those who reside in American Beach, Florida, a community where the population is approximately 95% African–American; Plaintiffs seek an order

preliminarily enjoining Defendant from refusing to provide their community with home delivery service. The Court held a hearing on Defendant's Motion to Dismiss and on Plaintiffs' Motion for Preliminary Injunction on January 30, 1998.

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed for failure to state a cause of action "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991).

The Federal Rules of Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley,* 355 U.S. at 47. All that is required is "a short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). The Federal Rules have adopted this "simplified pleading" approach because of "the liberal opportunity for discovery and other pretrial procedures ... to disclose more precisely the basis of both claim and defense ...." *Id.* at 48. The purpose of notice pleading is to reach a decision on the merits and to avoid turning pleading into "a game of skill in which one misstep by counsel may be decisive to the outcome." *Id.*

In its Motion to Dismiss, Defendant argues that Plaintiffs' Complaint must be dismissed because this Court does not have subject matter jurisdiction over the dispute. Specifically, Defendant argues that the Plaintiffs have failed to comply with the notice requirement of 42 U.S.C. section 2000a–3. The statute states in pertinent part:

Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a–2[1] of this title, a civil action for

---

1. 42 U.S.C. section 2000a–2 states that:

No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive, any person of any right or privilege secured by section 2000a or 2000a–1 of this title, or (b) intimidate, threaten, or coerce, or

attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a–1 of this title, or (c) punish or attempt to punish any person for exercising or attempt-

preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved . . .

42 U.S.C. § 2000a–3(a).

The statute further states that:

In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

42 U.S.C. § 2000a–3(c).

■ The statute therefore requires that Plaintiffs provide at least thirty (30) days' notice of the allegedly discriminatory behavior to a State or local authority prior to filing a complaint in federal court—but only if the State or local authority has the power to grant or seek relief from such [discriminatory] practice.

Defendant argues that the State of Florida, pursuant to the Florida Civil Rights Act of 1992 ("Florida Act"),[2] Fla. Stat. §§ 760.01–760.11, 509.092, has created such an authority, the Florida Commission on Human Relations ("Florida Commission"), which is empowered to "receive, initiate, seek to conciliate, hold hearings on, and act upon complaints alleging discriminatory practice." Fla. Stat. §§ 760.06(5), 760.11. Defendant has brought to the Court's atten-

tion three cases where courts have dismissed claims based on Title II for failure to comply with this jurisdictional prerequisite. *See Stearnes v. Baur's Opera House, Inc.,* 3 F.3d 1142 (7th Cir.1993); *Harris v. Ericson,* 457 F.2d 765 (10th Cir.1972); *White v. Denny's,* 918 F.Supp. 1418 (D.Co.1996).

Plaintiffs argue in response that the State of Florida has not established or authorized a State or local authority to grant or seek relief from such discriminatory practices because the Florida Commission cannot *temporarily enjoin* the allegedly discriminatory behavior. Thus, Plaintiffs distinguish the cases cited by the Defendant because there, the courts were not faced with the issue of whether the State or local authority could grant *preliminary* relief from such practice, but only whether they could grant or seek relief in general. The Plaintiffs also argue that dismissing the Complaint and requiring them to comply with the notice requirement would be futile. The issue of whether the notice requirement of 42 U.S.C. section 2000a–3(c) applies in cases where preliminary relief is sought and the State or local agency cannot provide preliminary relief appears to be one of first impression.

■ Having considered the parties' arguments, the Court agrees with the Plaintiffs that the Complaint should not be dismissed for failure the supply notice to the Florida Commission. It is clear that the Commission does not have the power to preliminarily enjoin the Defendant's alleged discriminatory conduct. While Congress clearly contemplated that actions seeking preliminary relief would be brought under section 2000a–3(a) and that the thirty day notice requirement would apply to such actions, the statute is silent as to whether the agency must be one that can provide the Plaintiff with the particular relief sought. This Court does not believe that Congress intended actions seeking

---

ing to exercise any right or privilege secured by section 2000a or 2000a–1 of this title.

42 U.S.C. § 2000a–2.

Further, 42 U.S.C. section 2000a states in pertinent part that:

All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as

defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a.

**2.** The Florida Act was enacted "to secure for all individuals within the state freedom from discrimination because of race [or] color . . . ." Fla. Stat. § 760.01.

preliminary relief to be dismissed in situations where Plaintiffs—for whatever reason—failed to notify the requisite State or local authority prior to instituting suit when notifying the State authority and waiting thirty days would only delay Plaintiffs' ability to obtain immediate relief. As noted by the Defendant during oral argument, and by the courts of this country time and time again, a preliminary injunction seeks extraordinary relief. To be granted, Plaintiffs must demonstrate to the Court that such relief is of an immediate and critical nature and that failure to award such relief will allow irreparable harm to occur. Under the Florida Act's procedure, Defendants have twenty five days to file an Answer to Plaintiffs' Complaint—a delay that could potentially prove harmful to the Plaintiffs because the Commission does not appear to have the power to take any action with respect to Plaintiffs' claim prior to the filing of the Answer. *See* Fla. Stat. § 760.11(1); *see also* Fla. Stat. § 760.11(3) ("*Within 180 days of the filing of the complaint,* the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992.") (emphasis added). Thus, separate and apart from the Florida Commission's inability to temporarily enjoin the Defendant, it appears that the Commission can take no action toward the resolution of Plaintiffs' claim—aside from serving the Complaint on the Defendant—during the thirty days set aside by Congress. Defendant cannot dispute the fact that the Florida Act's procedure does not provide relief to those who are entitled to a preliminary injunction and that Title II's thirty day notice provision would be a futile and wasteful exercise on the part of these Plaintiffs.

Accordingly, as a matter of law, the Court finds that 42 U.S.C. section 2000a–3(c) does not require Plaintiffs to provide notice to a State or local authority prior to filing a complaint in federal district court in a situation where Plaintiffs seek preliminary relief and the State or local authority provides no mechanism for obtaining such relief.

The Court recognizes that Plaintiffs could easily have complied with the notice requirement before they filed their Complaint and anytime since they filed their Complaint; however, this fact is beside the point. At this stage in the litigation the Court agrees with the Plaintiffs that dismissing the Complaint for a period of thirty days would serve little practical purpose. Furthermore, the Court notes that during oral argument, while not waiving the thirty day notice requirement, Defendant's primary concern seemed to be that—were the Court to deny Defendant's Motion to Dismiss and allow the case to proceed—the parties could potentially expend substantial resources on the litigation only to discover at a later point—presumably on appeal—that the Court did not have jurisdiction. In part to address this concern, the Court will allow Defendant to take an immediate appeal of this decision.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss is **DENIED**; and

(2) The Court finds that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). Thus, pursuant to 28 U.S.C. § 1292(b), application for an appeal may be made to the Court of Appeals within ten days from the date of this Order.[3]

---

**3.** By separate Order the Court has granted Plaintiffs' Motion for Preliminary Injunction; Defendant has an automatic right to appeal that decision pursuant to 28 U.S.C. § 1292(a).