357 So.2d 780 (1978)
Leon George McWAIN, Appellant,
v.
GREYHOUND LINES, INC., Appellee.
No. 77-57.
District Court of Appeal of Florida, Third District.
April 25, 1978.
Horton, Perse & Ginsberg, Hawkesworth, Schmick, Ponzoli & Wassenberg, Miami, for appellant.
Preddy, Kutner & Hardy and Michael J. Parenti, III, Miami, for appellee.
Before PEARSON, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from a summary final judgment entered in favor of appellee, one of several defendants below. For the reasons set forth below, we reverse.
Appellant was in the Greyhound Bus Station, Miami, Florida, when he became involved in an altercation with an unidentified person. As a result of this altercation, appellant was arrested by David A. Weiss, a police officer for the City of Miami, who, at the time of the arrest, was employed by and acting as a security guard for Greyhound Lines, Inc., one of the defendants below and appellee herein. The City had given its permission for Weiss's employment with appellee. After Weiss made the arrest, he *781 called for assistance in transporting appellant to jail. Police officers, Raymond Russo and Gwendolyn Davis, on duty for the City of Miami, responded to Weiss's call. Thereafter, appellant was placed into Russo's and Davis's police car for the purpose of transporting him to jail. During the course of the transportation, Weiss followed the police car in his own private car. At some distance from the Station the cars stopped for a red light, Weiss got out of his car, opened the back door of the police car, and allegedly assaulted appellant. As a result of the injuries sustained by this assault, and allegedly another assault at Jackson Memorial Hospital, appellant filed an action seeking to hold appellee responsible for the injuries which he incurred because of Weiss's conduct. In response to this action, appellee filed a motion for summary judgment which the trial court granted. From this adverse summary final judgment, appellant appeals.
Appellant's basic contention on appeal is that the trial court erred in entering the summary final judgment in favor of appellee, because, at the time of its entry, there existed a justiciable issue of fact, i.e., the capacity of Weiss at the time he committed the alleged assaults, which precluded the entry of a summary final judgment.
The importance of determining the capacity of a police officer, under circumstances such as those in the instant case, has been discussed in an Annotation, titled "Liability of private employer of police officer for latter's negligence or other misconduct," found in the American Law Reports which reads in part as follows:
"There is little, if any, dissent from the proposition that the mere fact that one in private employment also has a commission from the public as a police officer does not protect his private employer from liability to third persons for acts which are referable to the former's capacity as private employee, but that the private employer is not responsible for acts or omissions referable to his character as a public officer. Such conflict as there is centers about the question whether at the particular time he was acting in one capacity or the other. As will subsequently appear, that is frequently a close question on the facts, and the same, or substantially the same, situation frequently admits of different inferences in that regard."
* * * * * *
"Where private persons, with the consent of the state, employ its police officers to represent them, and to do special work for them in protecting and preserving their property and maintaining order on their premises, and such officers are engaged in the performance of their duties to their employers, and are acting within the scope of their powers and duties, they become and are servants and employees of such private persons; and for negligent and wanton acts committed by them in the line of their duty, and when engaged in the performance of such duties, to the injury of others, their masters or employers are liable; at least, the private employer is not immune from liability simply because the employee has an official status. (That the question in which capacity the officer-employee was acting in any particular case is generally for the jury, ... ." Annot., 55 A.L.R. 1197, 1198-99 (1928).
This Annotation cites numerous cases from other jurisdictions in support of the proposition that the question in which capacity an officer/employee was acting in any particular case is one for the jury to determine. Id. at 1199-1200. Although we are unaware of any Florida authority dealing directly with this question, we find the reasoning set forth in the quoted portions of the Annotation to be persuasive. Based upon this reasoning, we have concluded that there was a justiciable issue of fact in the instant case, i.e., the capacity of Weiss at the time he committed the alleged assaults, which should have been determined by the jury. Accordingly, the summary final judgment appealed is reversed and the cause is remanded for further proceedings consistent with this opinion. See Fla.R.Civ.P. 1.510.
Reversed and remanded.