**Jane DOE, Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS, PALM BEACH COUNTY, FLORIDA, Defendants.**

No. 91–8069–CIV.

United States District Court, S.D. Florida.

June 25, 1992.

Isidro M. Garcia, Lake Worth, FL, for plaintiff.

Denise J. Bleau, Asst. Co. Atty., West Palm Beach, FL, for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

HIGHSMITH, District Judge.

THIS CAUSE comes before the Court upon Defendant Board of County Commissioners' ("Board") Motion for Judgment on the Pleadings, pursuant to *Fed.R.Civ.P.* 12(c). For the reasons more fully stated below, the Court denies the Board's motion.

1. In their memoranda, the Board and Doe incorrectly refer to this count as Count III.

2. All cases decided by the former Fifth Circuit Court of Appeals prior to the close of business on

## BACKGROUND

On January 2, 1992, Plaintiff Doe, an employee of the Board, filed her Second Amended Complaint in this action, alleging that the Board had violated her rights under various federal and state law provisions. (D.E. # 23.) In Count IV of the Second Amended Complaint, Doe alleges a cause of action for intentional infliction of emotional distress.[1] The Board seeks a judgment on the pleadings, as to Count IV only, on the following two grounds:

(1) Doe fails to state a claim for intentional infliction of emotional distress; and

(2) Doe fails to allege sufficient facts to establish the Board's vicarious liability for Doe's emotional distress.

## STANDARD OF REVIEW

Federal district courts have applied a "fairly restrictive standard in ruling on motions for judgment on the pleadings." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368 (1990). To obtain a judgment on the pleadings, the moving party must clearly establish that no material issue of fact remains unresolved and that it is entitled to judgment as a matter of law. *Greenberg v. General Mills Fun Group, Inc.,* 478 F.2d 254, 256 (5th Cir.1973).[2] Moreover, the district court must view the facts presented in the pleadings, and all inferences drawn thereof, in the light most favorable to the non-moving party. Wright & Miller, at § 1368 (citing *Miami Herald Pub. Co. v. Ferre,* 636 F.Supp. 970, 974 (S.D.Fla.1986)). Indeed, allegations in the complaint must be accepted as true. *Swerdloff v. Miami Nat'l. Bank.,* 584 F.2d 54, 57 (5th Cir.1978).

The standard of review for judgment on the pleadings is almost identical to the standard used to decide motions to dismiss. *Ferre,* 636 F.Supp. at 974. Therefore, the district court may issue a judgment on the pleadings only if it is beyond doubt that the

September 30, 1981, are binding on the Eleventh Circuit and on all district courts within the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

non-movant can plead no facts that would support the claim for relief. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988) *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

## DISCUSSION

### I. Intentional Infliction of Emotional Distress

■ The Board first argues that Doe has failed to make out a prima facie case for intentional infliction of emotional distress. The Court disagrees.

In *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278 (Fla.1985), the Florida Supreme Court recognized the tort of intentional infliction of emotional distress as set forth in RESTATEMENT (SECOND) OF TORTS § 46 (1965). Section 46 states that:

> (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

RESTATEMENT (SECOND) OF TORTS § 46(1) (1965).

In cases like Doe's, where the plaintiff alleges a mental handicap, the Restatement specifically provides that outrageous conduct:

> may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, *by reason of some physical or mental condition or peculiarity*. The conduct may become heartless, flagrant, and outrageous when the actor proceeds in the face of such knowledge, where it would not be so if he did not know.

RESTATEMENT (SECOND) OF TORTS § 46 cmt. f (1965) (emphasis added).

In her Second Amended Complaint, Doe alleges that her supervisor, Sheri Kass:

(1) Knew of the mental handicap;

(2) Harassed Doe for absences caused by the handicap;

(3) Harassed Doe for tardiness that resulted from treatment necessary for the handicap; and

(4) Maliciously pestered Doe with intrusive questions about the nature and extent of the handicap.

(D.E. # 23, at ¶ 11.)

Doe further alleges that Kass' conduct was "outrageous" (D.E. # 23, at ¶ 27.) and that such conduct caused her to suffer severe emotional distress. (D.E. # 23, at ¶ 28.)

Absent Doe's special circumstances, Kass' alleged harassment and pestering of Doe would not qualify as extreme and outrageous conduct in a work environment.[3] However, given Doe's allegation of a mental handicap, the Court finds that Doe has pled sufficient facts to withstand a motion for judgment on the pleadings.

### II. Vicarious Liability of the Board

■ As a fallback argument, the Board contends that even if Doe were entitled to proceed to trial for the tort of intentional infliction of emotional distress, Doe has failed to allege sufficient facts to establish the Board's vicarious liability for Kass' conduct.

■ An employer is vicariously liable for its employees' conduct when the employee acts within the scope of his employment. *Collazo v. John W. Campbell Farms*, 213 F.2d 255, 258 (5th Cir.1954); *Whetzel v. Metropolitan Life Ins. Co.*, 266 So.2d 89, 91 (Fla. 4th DCA 1972). Whether an employee has acted within the scope of his employment is a factual issue reserved to the jury. *Parsons v. Weinstein Enters., Inc.*, 387 So.2d 1044, 1046 (Fla. 3rd DCA 1980); *McWain v. Greyhound Lines, Inc.*, 357 So.2d 780, 781 (Fla. 3rd DCA 1978).

Doe alleges that Kass harassed her on account of tardiness and absences. Because monitoring a subordinate's attendance would normally fall within the scope of a supervi-

---

**3.** Although courts have recognized that emotional distress can be an inherent aspect of the employment relationship whenever there is a reprimand, demotion, or discharge, they have generally been unwilling to find such employment-related conduct outrageous. Regina Austin, *Employer Abuse, Worker Resistance, and the Tort of Intentional Infliction of Emotional Distress*, 41 Stan.L.Rev. 1, 9 (1988).

sor's employment, the Court finds that Doe's allegations are sufficient to create a factual issue on the question of whether Kass acted within the scope of her employment. Therefore, the Court finds that judgment on the pleadings on the issue of the Board's vicarious liability would be inappropriate.

## CONCLUSION

Thus, it is hereby,

ORDERED AND ADJUDGED that

the Board's Motion for Judgment on the Pleadings is DENIED.

DONE AND ORDERED.