**Joseph GILLIS, Plaintiff,**

v.

**The SPORTS AUTHORITY, INC. and The Sports Authority Florida, Inc. Defendants.**

**No. 00–6238–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

April 24, 2000.

Jennifer Altman, Miami, FL, for plaintiff.

Richard D. Tuschman, Miami, FL, for defendant.

### ORDER

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Defendant's Motion to Dismiss (D.E.5), filed March 13, 2000.

THE COURT has considered the Motion, and the pertinent portions of the record, and is otherwise fully advised in the premises.

### I.   Factual Background

In November of 1996, the Plaintiff Joseph Gillis, who is blind, was hired to act as a telephone operator for the Defendant, The Sports Authority, Inc., and The Sports Authority Florida, Inc. ("TSA"), at the Sports Authority located on Hillsborough Road in Broward County ("Hillsborough store") by the then manager of the store, Kevin. Gillis contends that Kevin told him that the store needed a telephone operator and that Gillis met all of the requirements to fill such a position. Gillis claims that it was agreed that he would begin working on February 17, 1997. Kevin allegedly advised Gillis that he would be paid $6.00 per hour and Gillis asserts that he accepted the position on the agreed upon terms.

On February 14, 1997, Gillis allegedly contacted the Hillsborough store to remind Kevin that he would be working on Monday as agreed. Gillis claims that he was advised that Kevin was no longer with the company and was put in touch with the new manager of the store. The new manager allegedly advised Gillis that he could not begin work on February 17, 2000, unless he could operate the phone system and conduct security for the Hillsborough store. Gillis asserts that the new manager told him to contact the corporate office to resolve the issue. Gillis contends that he contacted Mr. Saul of TSA who told him not to be concerned and that they would resolve the problem and/or ensure that a position was available for him.

Gillis contends that he was not discharged from TSA for the next six or seven months. Rather, he alleges that he had numerous conversations with representatives of TSA, including repeated conversations with Mr. Saul, wherein he was repeatedly assured that he would be placed at the Hillsborough store or in the corporate office. Gillis contends that TSA

continued to reassure him that he had a job with the company and that he need not be concerned. Based on these assurances, Gillis contends that he did not seek alternate employment nor did he file a charge of discrimination against the company.

On February 17, 2000, Gillis filed a complaint against Defendants, alleging that TSA discriminated against him by not employing him as a telephone operator. Gillis alleges that he did not take action against TSA until he was recommended to do so by a friend. Gillis brings this action pursuant to Title I of the Americans With Disabilities Act of 1990 ("ADA"), the Florida Civil Rights Act ("FCRA") and Florida common law. On March 13, 2000, TSA moved to dismiss the complaint alleging that Gillis's claim under the ADA is time-barred, that Gillis failed to satisfy the procedural prerequisites under the FCRA, that Gillis fails to state a claim for intentional infliction of emotional distress and for negligent hiring, supervision and retention.

## II. Standard of Review

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir.1986). In ruling on a motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff and take its allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## III. Legal Analysis

### A. Filing a Timely Charge with the EEOC

■ TSA moves to dismiss Count I of the complaint on the grounds that Gillis did not file a timely charge with the EEOC. As a general proposition, a person filing a charge of discrimination pursuant to the ADA must first file an administrative charge with the EEOC. 42 U.S.C. § 2000e–5. In Florida, the required administrative charge must be filed with the EEOC within 300 days of the alleged discriminatory action. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1090 (11th Cir. 1996). There are, however, exceptions to this limitations period. A plaintiff may recover for acts barred by the 300 day statutory time limitation if he can establish a continuing violation. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982). The plaintiff bears the burden of showing "a series of related acts, one or more of which falls within the [limitations] period." *Roberts v. Gadsden Memorial Hospital*, 835 F.2d 793, 800 (11th Cir.1988) *citing Berry v. Board of Supervisors of L.S.U.*, 715 F.2d 971, 979 (5th Cir.1983), *aff'd* 783 F.2d 1270 (5th Cir.1986). There must be a substantial nexus between the time-barred claims and those that are timely filed. *Roberts v. Gadsden Memorial Hospital*, 835 F.2d 793, 800 (11th Cir.1988).

■ In order to determine whether otherwise barred claims fall within the continuing violation exception, courts consider whether the claims are related in subject matter and frequency and whether the alleged violations were permanent in the sense that they served to trigger the employee's awareness that his civil rights have been violated. *Roberts*, 835 F.2d at 800–801; *Dudley v. Metro–Dade County*, 989 F.Supp.1192, 1199 (S.D.Fla.1997).

■ After carefully reviewing the complaint, the Court finds that Gillis has sufficiently alleged a continuous series of related discriminatory acts by TSA and at least

one act that falls within the limitations period. Gillis alleges that TSA hired Gillis as a telephone operator, that subsequently he was informed by TSA that he could not begin working unless he could operate a phone system and provide security for the store, even though security was allegedly not part of the job description when he was hired. Gillis contends that he talked to the representatives from TSA's corporate office on numerous occasions, spanning a period of seven to eight months, wherein he was told TSA would resolve the problem and that a position would be secured for him. Gillis alleges that based upon these assurances he did not seek other employment and did not file a charge of discrimination until a friend recommended that he take action. Therefore, applying the *Berry* factors of subject matter, frequency and permanence to the instant case, the Court finds, for the purposes of this Motion to Dismiss, that Gillis has sufficiently alleged a continuing violation. Accordingly, TSA's Motion to Dismiss as to Count I of the complaint is denied.

### B. Exhaustion of Administrative Remedies under the FCRA

TSA moves to dismiss Count II of the complaint on the grounds that Gillis failed to satisfy the procedural pre-requisites and pleading requirements under the FCRA because he did not file a timely charge of discrimination with the Florida Commission on Human Relations ("FCHR"). Gillis, in opposition, claims that under the works-sharing arrangement between the EEOC and the FCHR, filing a charge of discrimination with the EEOC constituted filing with the FCHR.

Prior to filing suit for alleged violations of the FCRA, a plaintiff must first exhaust his administrative remedies under the FCRA by filing a timely charge of discrimination with the FCHR. *See* Fla. Stat. Ann. § 760.11.(1997); *Weaver v. Florida Power & Light,* No. 95–8519–CIV–RYSKAMP, 1996 WL 479117, *8 (S.D.Fla. July 16,

1996). The FCRA provides that the FCHR shall investigate the allegations in a FCRA claim within 180 days to determine whether reasonable cause exists. *See* Fla. Stat. Ann. § 760.11(3).

The EEOC's referral of a charge initially filed with the EEOC to the appropriate state or local agency can properly institute the agency's proceedings. *See Patterson v. Wal–Mart Stores, Inc.,* 1999 WL 1427751 at *4 (M.D.Fla.1999). Courts have held that "filing a charge with a single agency constitutes dual filing as long as the state agency is indicated on the form and a check is placed in the box indicating that the charge is to be dual filed." *Desai v. Tire Kingdom,* 944 F.Supp. 876, 880 (M.D.Fla.1996). When a plaintiff checks the appropriate box on a charge of discrimination and indicates that he would like to have the charge filed with the FCHR, the plaintiff satisfies the filing requirements of the EEOC and Chapter 760, Florida Statutes. *See Patterson,* 1999 WL 1427751 at *4. When the particular state agency that the plaintiff wishes the charge to be dually filed with is not indicated on the filing form, then the case will not be deemed dually filed. *See Dawkins v. Bellsouth Telecommunications, Inc.,* 53 F.Supp.2d 1356, 1360 (M.D.Fla.1999).

In the instant case, Gillis alleges that he instituted a charge of discrimination with the EEOC on August 6, 1998. Gillis also alleges that he complied with all administrative requirements for filing such a claim by filing a charge with the Broward Human Rights Division. Gillis' complaint,however, is devoid of any reference to the administrative prerequisites necessary to bringing an action under the FCRA. Where a plaintiff fails to allege in his complaint an exhaustion of administrative remedies under the FCRA, the complaint should be dismissed. *See Ali v. City of Clearwater,* 807 F.Supp. 701, 706 (M.D.Fla.1992).

Nonetheless, Gillis, in his opposition memorandum to the motion to dismiss,

alleges that he specified on his charge filed with the EEOC that he wanted the charge to be dually filed with a Florida Employment Protection Agency ("FEPA"). Gillis contends that the FCHR is a designated FEPA therefore the charge filed with the EEOC constitutes a dual filing with the FCHR. Nowhere in the complaint, however, does Gillis allege that he specifically indicated on the charge a desire that the charge be dual filed with the FCHR. *See Weaver,* 1996 WL 479117, *9. The portion of the EEOC form which indicates dually filing the charge with an FEPA, represents any FEPA that the claimant wishes the charge to be dually filed with. See *Id.* Since Gillis does not allege that he indicated on his EEOC form that a charge be dually filed with FCHR, the Court finds that Gillis has failed to satisfy the administrative remedies as is required by the FCRA. Accordingly, TSA's Motion to Dismiss Count II of the complaint is granted.

### C. Intentional Infliction of Emotional Distress

■■■ TSA moves to dismiss Count III of the complaint on the grounds that Gillis does not allege conduct sufficiently "outrageous" to state a cause of action for intentional infliction of emotional distress. In order to establish a cause of action for intentional infliction of emotional distress under Florida law, a plaintiff must demonstrate: 1) deliberate or reckless infliction of mental suffering by the defendant; 2) by outrageous conduct; 3) which conduct of the defendant must have caused the suffering; and 4) the suffering must have been severe. *Howry v. Nisus, Inc.,* 910 F.Supp. 576, 580 (M.D.Fla.1995). The question of what constitutes outrageous conduct is judged by an objective test. *Metropolitan Life Ins. Co. v. McCarson,* 467 So.2d 277 (Fla.1985). Moreover, the issue is ordinarily one of law to be resolved by the court, rather than a question of fact to be resolved by a jury. *Vernon v. Medical Management Associates of Margate, Inc.,* 912 F.Supp. 1549 (S.D.Fla.1996). Liability has been found only where the con-

duct has been so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regard as atrocious, and utterly intolerable in a civilized community. *McCarson,* 467 So.2d at 278–79.

Thus far, Florida courts have been hesitant to find sufficiently "outrageous" conduct based on alleged acts of abuse in the workplace. *Id.* at 1558; *Watson v. Bally Manufacturing Corp.,* 844 F.Supp. 1533 (S.D.Fla.1993). Florida courts have construed the parameters of this cause of action extremely narrowly. Whether a claim for intentional infliction of emotional distress will be held is highly dependent on the allegations in the particular case. In *Doe v. Board of County Commissioners, Palm Beach County, Florida,* 815 F.Supp. 1448, 1450, (S.D.Fla.1992), the court held that where a plaintiff alleges a handicap, the Restatement specifically provides that outrageous conduct:

> may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity. The conduct may become heartless, flagrant, and outrageous when the actor proceeds in the face of such knowledge, where it would not be so if he did not know.

*Id.* at 1450. In *Doe,* the Court found that the plaintiff had sufficiently stated a claim for intentional infliction of emotional distress because she alleged that her supervisor, knew of her mental handicap, harassed plaintiff for absences caused by the handicap, harassed plaintiff for tardiness that resulted from treatment necessary for the handicap; and, maliciously pestered Doe with intrusive questions about the nature and extent of the handicap. *Id.* The plaintiff further alleged that her supervisor's conduct was "outrageous" and that such conduct caused her to suffer severe emotional distress. The Court held that absent plaintiff's mental handicap, the defendant's alleged harassment and pester-

ing of plaintiff would not qualify as extreme and outrageous conduct in a work environment. *Id.*

In the instant case, Gillis alleges that TSA knew of his blindness, that due to this handicap TSA allegedly discriminated against Gillis, that TSA represented to Gillis that the problem would be resolved and that after "stringing" Gillis along for several months effectively fired Gillis. Gillis contends that this conduct was outrageous and caused him severe emotional distress. Gillis' complaint, taken as true and viewed in the light most favorable to the Plaintiff, does not allege "outrageous" conduct sufficient to state a claim for intentional infliction of emotional distress against TSA. The facts as a matter of law are not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *See Vernon,* 912 F.Supp. at 1549. Even though Gillis alleges that TSA was aware that he was blind and proceeded to act in the face of such knowledge, Gillis does not allege that TSA harassed, pestered or behaved maliciously towards him. *See Doe,* 815 F.Supp. at 1448. Therefore, TSA's alleged actions do not rise to the level of extreme and outrageous conduct as is required to support a claim for intentional infliction of emotional distress. Accordingly, TSA's Motion to Dismiss Count III of the complaint is granted.

### D. Negligent Hiring, Supervision and Retention

TSA moves to dismiss Count IV of the complaint on the grounds that Gillis cannot establish a negligent hiring, supervision and retention claim. In Florida, several courts have confirmed the existence of a cause of action based on the negligent hiring, retention or supervision of an employee. *See Tallahassee Furniture Co. v. Harrison,* 583 So.2d 744, 750 (Fla.App.1st Dist.1991), *rev. denied,* 595 So.2d 558 (Fla. 1992). The usual context for a claim of negligent supervision by an employer of its employees, or the closely related claims of negligent hiring and retention, is where the wrongful conduct of an employee injures an outside third party.

A claim for negligent hiring or retention allows for recovery against an employer for acts of an employee committed outside the scope and course of employment. *Garcia v. Duffy,* 492 So.2d 435 (Fla. 2d DCA 1986). Only when an employer has somehow been responsible for bringing a third person into contact with an employee, whom the employer knows or should have known is predisposed to committing a wrong under circumstances that create an opportunity or enticement to commit such a wrong, should the law impose liability on the employer. *Id.*

In negligent hiring or retention cases, the ultimate question of liability to be decided is "whether it was reasonable for an employer to permit an employee to perform his job in light of information about the employee which employer should have known." *Sullivan v. Lake Region Yacht and Country Club,* 1997 WL 689799 (M.D.Fla.1997). Further, negligent retention of an employee occurs when during the course of employment, the employer becomes aware, or should have become aware, of problems with an employee that indicate his unfitness, but the employer fails to take further action, such as investigation discharge or reassignment. *Garcia,* 492 So.2d 435.

In the instant case, Gillis alleges that TSA, by permitting the wrongful conduct of the new manager of the Hillsborough store, Mr. Saul and other employees of the company, failed in its duty to take any and all actions to avoid employment practices that violate the ADA. Gillis, however, does not allege that the TSA employees who committed this allegedly wrongful conduct were acting outside the scope and course of their employment. Nor does Gillis allege whether or when TSA knew or should have known of problems with these employees that would have indicated their unfitness or their predisposition to com-

mitting disability discrimination. The Court, therefore, finds that Gillis fails to state a claim for negligent hiring, supervision and retention. Accordingly, Defendant's Motion to Dismiss Count IV of the complaint is granted.

### IV. Conclusion

Based on the foregoing, it is hereby

**ORDERED and ADJUDGED** that Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. It is further

**ORDERED and ADJUDGED** that Count II of the complaint, violation of the FCRA, is DISMISSED without prejudice. It is further

**ORDERED and ADJUDGED** that Defendant's Motion to Dismiss Count III of the complaint, intentional infliction of emotional distress, is DISMISSED without prejudice. It is further

**ORDERED and ADJUDGED** that Defendant's Motion to Dismiss Count IV of the complaint, negligent hiring, supervision and retention, is DISMISSED without prejudice. It is further

**ORDERED and ADJUDGED** that the remainder of Defendant's Motion to Dismiss is DENIED. It is further

**ORDERED and ADJUDGED** that Plaintiff may file an amended complaint within ten (10) days from the date of this Order.