**CHABAD OF NOVA, INC., Plaintiff,**

v.

**CITY OF COOPER CITY, Defendant.**

No. 07–60738–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Jan. 16, 2008.

fees are awarded in some cases after a remand, even if the ALJ does not eventually

Franklin Lewis Zemel, Jason Gordon, Arnstein & Lehr, Fort Lauderdale, FL, for Plaintiff.

Michael Thomas Burke, Johnson Anselmo Murdoch Burke Piper & McDuff, Fort Lauderdale, FL, for Defendant.

### ORDER

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** comes before the Court on Plaintiff, Chabad of Nova's Motion for Judgment on the Pleadings as to Count III of the Amended Complaint [D.E. 34], filed on December 11, 2007. The Court has considered the parties' written submissions, applicable law, and the oral arguments presented on January 11, 2007, and consistent with the ruling made in open court, enters the following resolution of the Motion.

award disability, is not factored into that calculation.

## I.  BACKGROUND

The Order of October 15, 2007 [D.E. 29], pertaining to Defendant, City of Cooper City's ("Cooper City['s]") Motion to Dismiss Plaintiff, Chabad of Nova, Inc.'s ("Chabad['s]") initial Complaint, contains extensive discussion concerning the background of Chabad's efforts to locate in Cooper City, Cooper City's Land Use Code, and the several claims asserted by Chabad pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 (the "RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, and the Equal Protection Clause of the United States Constitution, pursuant to 42 U.S.C. § 1983. That discussion is not repeated here. In particular, Section C, which addresses Chabad's claims under section (b)(1) of the RLUIPA, known as the Equal Terms Provision, is incorporated in this Order by reference.

Count III of the present Amended Complaint (*"Am.Compl."*) [D.E. 32] alleges a violation of the Equal Terms Provision, 42 U.S.C. § 2000cc(b)(1), in that Chabad maintains the Cooper City Land Use Code treats religious assembly on less than equal terms than non-religious assembly. Chabad alleges that Cooper City's Land Use Code, on its face, prohibits religious assembly in all business districts, but permits numerous non-religious assembly uses within the business districts. Specifically, while "community assembly" (also known as "non-religious assembly") is purportedly a prohibited use within the business district, the City Code nonetheless permits numerous nonreligious assembly uses within the business districts. Chabad lists the following as permitted uses in the business districts: day care centers; "recreation; indoor" uses such as "establishment[s] offering . . . entertainment," including movie theaters; "recreation; outdoor" uses such as "establishment[s] offering . . . entertainment," including drive-in movie theaters; "personal improvement services," which include "aerobic studios . . . art, music, dance and drama schools;" places where people meet to study art, scrapbooking, music and/or dance; and "office business or professional," including the business offices of trade associations and unions.

Cooper City makes the following admissions in its Answer and Defenses to the Amended Complaint (*"Answer"*) [D.E. 33]:

a) Day care centers are permitted in the business district. (*Am. Compl.* at ¶ 82; *see Answer* at ¶ 82);

b) "Recreation; indoor" is a permitted use in the business district. According to Section 21–8 of the City Code; "Recreation; indoor" is defined as including "an establishment offering . . . entertainment . . .," including movie theaters. (*Am. Compl.* at ¶ 85; *see Answer* at ¶ 85);

c) "Personal improvement services" is a permitted use in the business district. According to Section 21–8 of the City Code, typical uses include "aerobic studios . . . art, music, dance and drama schools . . . and handicraft or hobby instruction." (*Am. Compl.* at ¶ 91; *see Answer* at ¶ 91);

d) Cooper City admits Section 21–8 of the City Code states that aerobic studios as well as art, music, dance, and drama schools are typical examples of "personal improvement services." (*See Answer* at ¶ 92);

e) Cooper City admits Section 21–8 of the City Code provides that an aerobic studio is a typical example of a permitted "personal improvement service." (*See Answer* at ¶ 94);

f) "Office, business or professional" is a permitted use in the business district. According to Section 21–8 of the City Code, typical uses include the business offices of trade associations and unions. (*Am. Compl.* at ¶ 96; *see Answer* at ¶ 96); and

g) Places where people can gather for meetings and/or other business related to trade associations or unions are permissible in the business district. (*Am. Compl.* at ¶ 97; *see Answer* at ¶ 97).

While admitting that each of the non-religious uses mentioned are permitted by its Zoning Code in the business districts, Cooper City denies that any of the enumerated uses constitutes an "assembly." For example, Cooper City denies an indoor movie theater is an "assembly," alleging instead that an indoor movie theater is a "business which for a fee admits customers for the purpose of watching a movie." *Answer* at ¶ 86.

## II. *ANALYSIS*

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(c) "any party may move for judgment on the pleadings" so long as the pleadings are closed and the motion will not delay the trial. " 'Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.' " *Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1303 (11th Cir.2005) (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir.2002)). The standard of review for a motion for judgment on the pleadings is "almost identical to that used to decide motions to dismiss." *Doe v. Bd. of County Comm'rs*, 815 F.Supp. 1448, 1449 (S.D.Fla.1992) (citing *Miami Herald Pub. Co. v. Ferre*, 636 F.Supp. 970, 974 (S.D.Fla.1985)). Judgment on the pleadings should be granted where "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir.2005) (citing *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir.2001)). In ruling on the motion, "[a]ll facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party." *Id.; see also Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir.2002).

### B. Plaintiff is Entitled to Judgment

In *Midrash Sephardi v. Town of Surfside*, 366 F.3d 1214, 1230 (11th Cir.2004), the court utilized the "ordinary or natural meanings" of the words "assembly" and "institution." The court defined an "assembly" as " 'a company of persons collected together in one place [usually] and usually for some common purpose (as deliberation and legislation, worship, or social entertainment),' (WEBSTER'S 3D NEW INT'L UNABRIDGED DICTIONARY 131 (1993)); or '[a] group of persons organized and united for some common purpose.' BLACK'S LAW DICTIONARY 111 (7th ed.1999)." *Id.* "Institution" was defined as " 'an established society or corporation: an establishment or foundation esp. of a public character,' ... or '[a]n established organization, esp. one of a public character....' " *Id.* at 1230–31 (quoting WEBSTER'S and BLACK'S, respectively). The court in *Midrash Sephardi* concluded "that churches and synagogues, as well as private clubs and lodges, fall within the natural perimeter of 'assembly or institution.' " *Id.* at 1231 (footnote omitted). Further, in *Konikov v. Orange County*, 410 F.3d 1317, 1325 (11th Cir.2005), the court noted that for purposes of a RLUIPA claim, "[l]oosely understood, a family day care home could qualify as an assembly," although because the classification there could withstand strict scrutiny, the court did not decide whether children gathered to receive care constituted an assembly.

In accordance with *Midrash Sephardi*, to the extent that other land uses that meet the definition of an "assembly" or

"institution" are permitted in the business district, but religious assemblies or institutions are not, Cooper City has violated section (b)(1) of the RLUIPA. Day care centers; indoor recreational facilities, including movie theaters; centers offering personal improvement services such as aerobic studios, art, music dance and drama schools; and places where people may gather for meetings and/or business related to trade associations or unions, all undoubtedly meet the definition of assemblies. Cooper City's denials in its Answer that certain of the listed uses are assembly uses do not create material facts in dispute, preventing the entry of judgment as to Count III. Cooper City does not allege that it employs a "*narrowly* tailored means of achieving a *compelling* government interest" in the differing treatment accorded the noted assembly uses. *Primera Iglesia Bautista Hispana of Boca Raton v. Broward County*, 450 F.3d 1295, 1308 (11th Cir.2006) (quoting *Midrash Sephardi*, 366 F.3d at 1232) (emphasis in original). Furthermore, Cooper City's representation that its Code may be amended some time in the future does not prevent the entry of judgment at this time, or render the Motion moot.

Accordingly, and for the foregoing reasons, Chabad's Motion for Judgment on the Pleadings as to Count III of the Amended Complaint [D.E. 34] is **GRANTED**. As noted at the hearing on the Motion, this Order does not address the issue of an appropriate remedy.